UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELYN J. HARRINGTON,

                                    Plaintiff,

                    -against-

CALIFORNIA, et al.,

                                    Defendants.

1:26-CV-3937 (AS)

ORDER OF SERVICE

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Jacquelyn J. Harrington, who is appearing *pro se*, brings this action asserting that the Defendants have violated her federal constitutional rights and seeking what appears to be damages and injunctive relief.[1] She names as Defendants numerous entities, including: (1) the State of California; (2) multiple municipalities in California and Arizona; (3) "New York City County NY"; (4) federal agencies; (5) the California and New York City Departments of Social Services; (6) a California municipal police department; (7) the NYPD's 20th Precinct; and (8) a California apartment building. Among the many allegations that Plaintiff asserts in her amended complaint are those in which she alleges that individuals dressed as members of the New York City Police Department ("NYPD") raped her in New York, New York. With respect to those allegations, the Court can construe Plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983 and under New York law.[2]

By order dated May 22, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

---

[1] Plaintiff's amended complaint (ECF 10) is the operative pleading for this action.

[2] Plaintiff has filed what can be construed as a motion to file a second amended complaint (ECF 13), a motion to appoint *pro bono* counsel (ECF 14), and a "notice to appear" (ECF 15) that appears to be a request for an unspecified hearing.

In this order, the Court: (1) construes Plaintiff's claims brought against "New York City County NY" as brought against the City of New York and, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), substitutes the City of New York for "New City County NY" as a Defendant in this action; (2) dismisses Plaintiff's claims against the NYPD's 20th Precinct; (3) directs the Clerk of Court to add, under Rule 21, "IAB Shield 232," "Badge #3232," and three unidentified "John Doe" NYPD Police Officer Defendants as Defendants in this action; (4) dismisses, without prejudice, all of Plaintiff's claims not having anything to do with the New York City-based allegations as misjoined; (5) requests that the City of New York, "IAB Shield 232," and "Badge #3232" waive service of summonses; (6) directs the Corporation Counsel of the City of New York to provide to Plaintiff and to the Court the identities of "IAB Shield 232" and "Badge #3232," as well as the identities and badge numbers of the abovementioned unidentified "John Doe" NYPD Police Officer Defendants; and (7) denies Plaintiff's pending motions and requests, as specified below.

**DISCUSSION**

**A.    "New York County City NY" and the NYPD's 20th Precinct**

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Marrero, D.J.) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). The Court understands Plaintiff's references to Defendant "New York County City NY" to be references to the City of New York. The Court therefore directs the Clerk of Court to drop "New York County City NY" as a Defendant, and to add the City of New York as a Defendant in this action, under Rule 21. *See* Fed. R. Civ. P. 21. This adding of the

City of New York as a Defendant is without prejudice to any defenses the City of New York wishes to raise.

Plaintiff's references to the NYPD's 20th Precinct are redundant of her references to the City of New York. *See* N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). Accordingly, the Court drops, under Rule 21, the NYPD's 20th Precinct as a Defendant in this action. *See* Fed. R. Civ. P. 21.

**B.      Adding "IAB Sield 232," "Badge #3232," and Unidentified "John Doe" Defendants**

A court can, under Rule 21, "add[] individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 1:25-CV-0284 (RA), 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020)). This includes adding unidentified individual defendants. *See, e.g.*, *Koulibaly v. City of New York*, 1:25-CV-7989 (KPF), 2025 WL 3268881, at *2-3 (S.D.N.Y. Nov. 20, 2025). This reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) (Kaufman, D.J.) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

Plaintiff alleges that, on or about December 12, 2025, three men dressed as members of the NYPD raped her on a platform of a subway station located in New York, New York, and that, when she tried to report that incident to the police officers at the NYPD's 20th Precinct, they laughed at

3

and mocked her. Plaintiff does not name or clearly identify any of these individuals, but seems to attempt to identify at least two of them by their badge numbers, by mentioning "IAB Shield 252" and "[B]adge #3232" in her amended complaint. (ECF 10, at 4.) Accordingly, in light of Plaintiff's *pro se* status and her references to these individuals in her amended complaint (*see id.* at 4-5), the Court directs the Clerk of Court to add, under Rule 21, "IAB Shield 252," "Badge #3232," and three unidentified "John Doe" NYPD Police Officer Defendants as Defendants in this action. As above, with respect to the City of New York, the adding of these individuals as Defendants in this action is without prejudice to any defenses they may raise.

## C.    Misjoined claims

Plaintiff's claims not arising from any events alleged to have occurred in New York, New York, are misjoined and must be dismissed. Rules 18 and 20 of the Federal Rules of Civil Procedure ("Rule 18" and "Rule 20") govern the joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as she has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (Karas, D.J.).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (1) a right to relief is asserted against all of the defendants, or the claims arise out of the same transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to all defendants. *See* Fed. R. Civ. P. 20(a)(2). Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *see Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all

Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167 (internal quotation marks omitted).

Misjoinder of parties is not a ground for dismissing an action, but, as discussed above, under Rule 21, a court has discretion, at any time, *sua sponte* or on motion, to add or drop a party. *See* Fed. R. Civ. P. 21. "[I]f a court concludes that defendants have been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever parties or claims from the action." *Deskovic*, 673 F. Supp. 2d at 159-60. In determining whether to sever a claim, courts consider "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (McMahon, D.J.) (citing cases). Put simply, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

In Plaintiff's amended complaint, Plaintiff asserts claims arising from events alleged to have occurred in New York, New York (Manhattan), within this judicial district, *see* 28 U.S.C. § 112(b), including those alleged to arise from her alleged rape, on or about December 12, 2025, by three individuals dressed as members of the NYPD on a subway platform and the alleged reaction of NYPD officers to that rape when Plaintiff reported it to the NYPD's 20th Precinct, also in New York, New York. Plaintiff's other claims raised in her amended complaint, however, involve different legal claims, different witnesses, different evidence, and different locations outside this judicial district than those of her claims arising from the abovementioned allegations.

Accordingly, the Court severs from this action all claims arising from events not alleged to have occurred in New York, New York, and dismisses such claims without prejudice to Plaintiff's raising them in separate civil actions filed in the appropriate venues. Accordingly, the only Defendants that remain in this action are: (1) the City of New York; (2) "IAB Shield 232"; (3) "Badge #3232"; and (4) the three unidentified "John Doe" NYPD Police Officer Defendants.

## D.    Identifying individual defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the NYPD to identify "IAB Shield 232," "Badge #3232," and the three unidentified "John Doe" NYPD Police Officer Defendants; they are: (1) those members of the NYPD who are assigned the corresponding abovementioned badge numbers; and (2) those members of the NYPD who encountered Plaintiff, on or about December 12, 2025, on an E-train subway-station platform, in the vicinity of West 4th Street, in New York, New York. It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYPD, must ascertain the identity and badge number of each of the abovementioned Defendants and the addresses where they each may be served.[3] The Corporation Counsel must provide this information to Plaintiff and to the Court within 60 days of the date of this order.

---

[3] If any of the abovementioned Defendants is a current or former NYPD employee or official, the Corporation Counsel should note, in the response to this order, that an electronic request for a waiver of service can be made under the e-service agreement for civil actions involving NYPD defendants, rather than by personal service at a NYPD precinct. If any of the abovementioned Defendants is not a current or former NYPD employee or official, but otherwise works or worked for the NYPD, the Corporation Counsel must provide a residential address where that Defendant may be served.

Within 30 days of receiving this information, Plaintiff must file a second amended complaint naming the newly identified individuals as Defendants and, if appropriate, providing their badge numbers. The second amended complaint will replace, not supplement, the original and amended complaints. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen it and, if necessary, issue an order requesting that the newly identified Defendants waive service of summonses.

**E.    Waiver of service of summonses as to the City of New York "IAB Shield 232," and "Badge #3232"**

The Court directs the Clerk of Court to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that the City of New York, "IAB Shield 232," and "Badge #3232" waive service of summonses, and that the New York City Law Department respond as directed in the abovementioned *Valentin* instructions.

**F.    Plaintiff's pending motions and requests**

To the extent Plaintiff requests a hearing in her "notice to appear" (ECF 15), the Court denies that request because it is premature. In addition, because the Court has granted Plaintiff, in this order, leave to file a second amended complaint with respect to naming the abovementioned individuals as Defendants, the Court denies Plaintiff's motion to amend (ECF 13) as unnecessary.

Moreover, the Court must dismiss Plaintiff's motion for the appointment of *pro bono* counsel. (ECF 14.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of her claims, her efforts to obtain a lawyer, and her ability to gather the facts and present her case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Even

if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

It is too early to determine whether the Court should request *pro bono* counsel to represent Plaintiff in this action. The Court therefore denies Plaintiff's motion to appoint counsel (ECF 13) without prejudice to Plaintiff's filing an application for the court to request *pro bono* counsel at a later stage of the litigation of this action.

## G.    City Bar Justice Center

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves with civil actions in this court.[4] Appointments can be scheduled by completing the CBJC's intake form. If Plaintiff is not able to complete this form, or if she has questions about the form, she may call (212) 382-4794. A flyer with details is attached.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to drop "New York City County NY" as a Defendant, and to add the City of New York as a Defendant in this action, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"). *See* Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to add "IAB Shield 232," "Badge #3232," and three unidentified "John Doe" NYPD Police Officer Defendants as Defendants in this action, under Rule 21. *See id.*

---

[4] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

The Court dismisses Plaintiff's claims against the NYPD's 20th Precinct as redundant of Plaintiff's claims against the City of New York.

The Court severs from this action, as misjoined, all claims arising from events not alleged to have occurred in New York, New York, and dismisses such claims without prejudice to Plaintiff's raising them in separate civil actions filed in the appropriate venues. *See id.*; Fed. R. Civ. P. 20(a)(2). Accordingly, the only Defendants that remain in this action are: (1) the City of New York; (2) "IAB Shield 232"; (3) "Badge #3232"; and (4) the three unidentified "John Doe" Police Officer Defendants. The Court directs the Clerk of Court to terminate all other Defendants.

The Court additionally directs the Clerk of Court to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that the City of New York, "IAB Shield 232," and "Badge #3232" waive service of summonses, and that the New York City Law Department respond as directed with respect to the Court's abovementioned *Valentin* instructions.

A second amended complaint form is attached to this order.

The Court denies Plaintiff's pending motion to amend, motion to appoint *pro bono* counsel, and her request for a hearing. (ECF 13-15.) The Court denies Plaintiff's motion to appoint *pro bono* counsel without prejudice to Plaintiff's filing an application for the court to request *pro bono* counsel at a later stage of the litigation of this action.

The Court therefore directs the Clerk of Court to terminate ECF 13 and 14.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service.[5]

---

[5] If Plaintiff consents to receive documents by email, she will no longer receive court documents by regular mail.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 29, 2026
          New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**SECOND AMENDED COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

_____

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name            Middle Initial        Last Name

_____

Street Address

_____

County, City                    State              Zip Code

_____

Telephone Number                Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                  State                 Zip Code

Defendant 2:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                  State                 Zip Code

Defendant 3:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                  State                 Zip Code

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

Page 6

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

Name (Last, First, MI)

Address          City          State          Zip Code

Telephone Number          E-mail Address

Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "SDNY" and then click "APPLY FOR HELP" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "Federal Court Case" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call (212) 382-4794, leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

While we cannot provide full representation, we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

Assisting with the **settlement** process (including **mediation**)

 **Reviewing drafted pleadings** and correspondence with the Court